NO. 8487.

COURT OF APPEAL

PARISH OF ORLEANS.

*****

EDWARD J. KESSLER, EXECUTOR et als

versus

NEW ORLEANS GAS LIGHT COMPANY.

*********

*********

Dinkelspiel; J.

Plaintiff instituted this suit in his capacity as Executor of the estate of his deceased wife, Jasmina Hawthorn and also in his capacity as natural tutor of his minor children, Edward J. and George Stoppared Kessler, xxdxxkxx plaintiff is joined by his daughter, Merthyr Edwina Kessler, who is an emancipated minor, alleging that on or about July 9th, 1917, certain agents and employees of defendant Company acting under the orders of their superiors, broke into, and entered the dwelling house No. 3433 Marais Street, in this city, being the property of the children of his deceased wife, and took from said premises, a certain water heater and other fixtures, all the property of the children of his deceased wife.   Alleging further that this trespass and taking of property was done without the knowledge or consent of plaintiff, and that he was compelled to employ counsel to recover possession of said property, after repeated demands the defendants restored the water heater but failed to restore certain pipes leading to the roof and certain other pipes necessary to permit water to escape, hence the heater was useless.   Alleging further that it has been difficult to rent the dwelling house because of the water heater/being in good condition for use and that a large amount of rent has been lost and stating in his petition that in consequence of the trespass and illegal removal of the said water heater and fixtures was the cause of mortification and humiliation to plaintiff and impaired their credit and good name in their community and among those who knew them.   Further alleging that it will require about Fifty Dollars to restore the piping and place the heater in good order and that they have suffered in loss and rent about $250.00 and they are entitled to recover from defendant for attorney's fees, $200.00, and

for the humiliation, loss of credit and good name they are entitled to recover One Thousand Dollars; they pray for judgment against the defendant in the sum of $1500.00 and for general relief.

To this petition there were filed several exceptions; first, that said plaintiffs were without legal right to sue or stand in judgment; second, that there was a misjoinder and a nonjoinder of parties plaintiffs; third, that said petition is too vague, uncertain and indefinite to enable defendant to safely answer thereto; fourth, that the petition discloses no legal cause or right of action.

Save and except the third exception, that is, that said petition is too vague, uncertain and indefinite to enable defendant to safely answer thereto, the rest of the exceptions were overruled.

Subsequently plaintiff filed a supplemental petition setting out more specifically the place where the house on Marais Street was entered, and the property heretofore described taken into the possession of the defendant corporation, and further stating specifically the employment of counsel in an endeavor to regain their said preperty, for several months after the removal of the heater, thereby losing twenty dollars per month, making a total loss of rent, $79.60 and alleging further in this supplemental petition that a copper coil was broken and replaced by plaintiff at a cost stated in his original petition; this supplemental petition was sworn to by George B. Smart, the attorney of plaintiff and the judgment prayed for is the same as prayed for in the original petition.

The answer admits that on July 9th, 1917, its employees did enter the dwelling and removed a certain water heater, boiler and vent pipe, but denies that its employees broke into the said dwelling house, denies that plaintiffs were obliged to employ counsel to regain possession of their

property, admits that it restored said water heater, and further denies all the material allegations of plaintiff's petition, and prays for a judgment in its favor.

The testimony in this case both for plaintiff and defendant is in the main portions thereof, admitted, but when thus stated, the testimony in part, particularly, as to how this heater was taken from the premises, whether the doors were open, or closed, and what portion of same was taken, under what circumstances, is contradictory, but the evidence on the whole satisfies us that the defendants through their agents entered the premises of plaintiff and did take therefrom the heater in question and a part of the pipe attached thereto, and subsequently through an agreement between the company and the Executor of the Succession, Edward J. Kessler finding that there was a small balance due by the deceased wife, the owner of the property, on the promise of the Executor to pay same, which he did, the property in question was to have been returned; it is further proven that notwithstanding repeated letters and frequent calls by the Executor on officers of the Company, the heater was not returned for a long time, about the beginning of November, 1917, after having been kept by the Company from July 9th, of the same year; it is further proven that during this time it was very difficult for plaintiff to rent these premises, and when he did so, he did it for a much smaller sum than it had been rented for prior to this occurrence, and when finally the heater was replaced, which was several months thereafter, at one time, being rented for about sixteen dollars per month, subsequently when everything was satisfactorily replaced, it rented for twenty dollars per month; it was admitted in the argument in this case that there was a loss of rent during the time mentioned of about thirty four dollars, that the installation and other costs connected with this heater amounted to something like eighteen dollars, whilst on the other hand plaintiff asserts and swears that

the loss of rent was much larger, and it cost him thirty dollars simply to replace coils, in order to have matters properly adjusted and get this heater in perfect shape.

It would serve no useful purpose to quote testimony of both plaintiff and defendant, but we are of the opinion that the entering into this place in an illegal manner, and keeping this heater for the time thev did. after positively agreeing to return it from time to time and not complying therewith, gave rise to a loss of rent and to other expenses in connection therewith. There are numerous decisions in the reports of both our Supreme Court and in our own Court, which maintain the fact that in a suit for damages, on account of a trespass, the trouble, and expenses the plaintiff has been illegally put to, have to be considered in estimating damages.

Cooper vs. Coppell, 29 Ann. 218.
Hamilton vs. Soloman, 137 La. 240.
Greenlee vs. Singer Sewing Machine Co. 10 Ct.App.271.
Bettis vs. Singer Sewing Machine Co. 10 Ct.App.273.
Lalonier vs. Werlein Co. 13 Ct. App. 325.

On the question of attorney's fees:

It has been frequently decided that unless in an extraordinary proceeding, such as an attachment, or injunction, attorney's fees cannot be recovered and in one of the cases cited in the brief of plaintiffs, Chappius vs. Waterman, 34 An/ 61, that question was determined, and so we might multiply decisions to the same effect without serving any useful purpose.

In so far as the exceptions are concerned, to this petition, filed by defendant, we are convinced that both under the Civil Code and the authorities, same were properly overruled.

C. C. 335.
Black vs. Carrollton Ry. Co. 10 An. 33.

There can be no doubt at this late date but that the father of minors, together with the emancipated minor, have a legal right to institute and prosecute suits in the interest and protection of their wards, and it requires no

citation of authorities to prove this fact.

We are of the opinion that defendants violated the rights of plaintiff, when they entered these premises, without permission to take possession of the heater in question, they did so without the consent of the owner, without any authority from him so to do, and without his knowledge, but more than this, after through a letter from the defendant company, the balance due for this heater being announced, $3.50, which under the agreement made between Mr. Kessler, and one of the officers of the company, was to have been paid, and was paid, they should have restored the fixtures in question without further to do, and not give cause for plaintiff to have been disturbed in any manner in the possession of the property together with the heater in question, but defendants did not do this, although frequently requested and promising to return the heater and during the time complained of there was an admitted loss of thirty four dollars for rent, it was proven that thirty dollars was expended by plaintiff to replace the coil, and we believe that under the admitted and undisputed facts of this record, plaintiff is entitled to damages in the sum of Fifty Dollars for the trespass on his property and the taking possession of the water heater and other fixtures of the/~~defendant~~ plaintiff and putting them into such a position that ~~there~~ their friends and neighbors and others who knew them would get the impression they were not worthy of the credit and respect which they otherwise had and whilst there is no evidence in the record of any kind or character effecting the standing of plaintiffs or their family, yet we think they are entitled to the amount allowed.

For the reasons assigned, it is now ordered, adjudged and decreed that the judgment of the Court aqua be amended and the amount allowed originally, $352.75, with legal interest from November 14th, 1921, be reduced to the sum of $114.00 with legal interest from the date specified to wit: November 7th, 1921 until paid and as thus amended the judgment is affirmed, costs of ~~appeal~~ both Courts to be paid by defendant— ~~to be paid by plaintiff and costs of the lower Court to be paid by defendant.~~

—Judgment amended and affirmed.